# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| ROY-G-BIV Corporation,<br><br>                    Plaintiff,<br><br>         v.<br><br>ABB, Ltd., ABB, Inc., MEADWESTVACO TEXAS, LP and MEADWESTVACO CORPORATION.<br>                    Defendants. | CASE NO. 6:11-cv-00622<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF ROY-G-BIV CORPORATION'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff ROY-G-BIV Corporation ("ROY-G-BIV"), for its amended complaint, alleges as follows:

### THE PARTIES

1.     Plaintiff ROY-G-BIV Corporation is a Washington corporation with its principal place of business at 154 E. Bingen Point Way, Suite E, Bingen, WA 98605.  ROY-G-BIV Corporation is a software company dedicated to integrating motion-controlled machines and software.

2.     Defendant ABB, Ltd. is a Swiss company with its principal place of business at Affolternstrasse 44, CH-8050, Zurich, Switzerland.  On information and belief, ABB, Ltd. may be served with process at Affolternstrasse 44, CH-8050, Zurich, Switzerland.

3.     Defendant ABB, Inc. is a Delaware corporation with its principal place of business at 12040 Regency Pkwy, Suite 200, Cary, NC 27518-7708.  Defendant ABB, Inc. may

be served with process via its registered agent, CT Corporation, 350 N. Saint Paul St., Suite 2900, Dallas, TX 75201-4234.

4. Defendant MeadWestvaco Corporation ("MWV") is a Delaware corporation with its principal place of business at 11013 West Broad Street, Glen Allen, Virginia 23060. Defendant MWV may be served with process via its registered agent CT Corporation 350 N. Saint Paul St., Suite 2900, Dallas, TX 75201-4234

5. Defendant MeadWestvaco Texas, LP ("MWV-TX") is a Delaware corporation with its principal place of business at 1913 FM 105, Evadale, Texas 77615. Defendant MWV-TX may be served with process via its registered agent CT Corporation System 350 N. Saint Paul St., Suite 2900, Dallas, TX 75201-4234.

6. The parties to this action are properly joined under § 299 of the America Invents Act because the right to relief asserted against defendants is jointly and severally and arising out of the same series of transactions or occurrences relating to the making and using of the same accused products or processes. Additionally, questions of fact common to all defendants will arise in this action.

## JURISDICTION AND VENUE

7. This action is for Defendants' infringement of patents owned by ROY-G-BIV, and it arises out of the patent laws of the United States.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Personal jurisdiction (1) exists generally over the Defendants because they (either directly or through their subsidiaries, divisions, groups or distributors) have sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and this

district; and/or (2) exists specifically over the Defendants (either directly or through their subsidiaries, divisions, groups or distributors) because of their infringing conduct within or directed at the State of Texas and this district. For example, Defendants place products (some of which are described below) into the stream of commerce that infringe and/or are used to infringe the patents-in-suit, knowing that the products may likely reach the State of Texas and this district.

10. Venue is proper in the Eastern District of Texas, Tyler Division, pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## THE PATENTS

11. On January 28, 2003, U.S. Patent No. 6,513,058 ("the '058 patent"), entitled, "Distribution of Motion Control Commands Over a Network," was duly and legally issued. A true copy of the '058 patent is attached as Exhibit A.

12. ROY-G-BIV holds all rights, title and interest to the '058 patent, including the rights to enforce the patent.

13. On September 23, 2008, the '058 patent was subjected to a lengthy Inter-Partes reexamination. On June 28, 2011, a certificate of reexamination (0276th) was issued finding the patentability of all claims confirmed with no amendments made to the patent.

14. On February 4, 2003, U.S. Patent No. 6,516,236 ("the '236 patent"), entitled, "Motion Control Systems," was duly and legally issued. A true copy of the '236 patent is attached as Exhibit B.

15. ROY-G-BIV holds all rights, title and interest to the '236 patent, including the rights to enforce the patent.

16. On September 23, 2008, the '236 patent was subjected to a lengthy Inter-Partes

reexamination. On June 28, 2011, a certificate of reexamination (0277th) was issued finding the patentability of all claims confirmed with no amendments made to the patent.

17. The '058 and '236 patents, among others, have already been the subject of a prior lawsuit, Cause No. 2:07-cv-00418; *ROY-G-BIV Corp. v Fanuc Ltd., et al*; In the United States District Court for the Eastern District of Texas, Marshall Division. A Markman hearing was held on these patents, among others, on April 16, 2009. A Claim Construction Order was issued by the Court on August 25, 2009.

18. On December 6, 2011, U.S. Patent No. 8,073,557 ("the '557 patent"), entitled "Motion Control Systems," was duly and legally issued. A true copy of the '557 patent is attached as Exhibit C.

19. ROY-G-BIV holds all rights, title and interest in the '557 patent, including the rights to enforce the patent.

## COUNT ONE

### (Infringement of the '058 Patent)

20. ROY-G-BIV repeats and re-alleges the allegations above as if fully set forth herein.

21. Defendants have been and are infringing one or more claims of the '058 patent. Examples of their infringing conduct include manufacturing, selling, offering to sell, using, and/or importing software, along with equipment such as controllers and robots that are used with this software, without authority from ROY-G-BIV. Defendants also encourage others, including customers and employees, to use their software and equipment in an infringing manner.

22. ABB's infringement includes but is not limited to its suite of products contained

4

within and/or otherwise known as Industrial IT Products. This includes, but is not limited to ABB's System 800xA, Compact HMI 800 and PLC Connect, as well as ABB's hardware products (and their related software products) AC500, PS551-MC, ACS800 and IRC5.

23. MWV-TX and MWV own and operate a manufacturing facility in Evadale, Texas specializing in packaging and packaging solutions. MWV-TX and MWV own and operate equipment and software at this facility being utilized in an infringing manner.

24. MWV-TX's infringement includes but is not limited to its use of ABB's products in an infringing manner, such as its use of ABB's System 800xA at its facility in Evadale, Texas.

25. MWV's infringement includes but is not limited to its use of ABB's products in an infringing manner, such as its use of ABB's System 800xA at its facility in Evadale, Texas.

26. Upon information and belief, ABB, MWV-TX, and MWV manufacture, sell, market and/or use additional infringing products which Plaintiff is continuing to investigate and anticipate will be revealed during the course of discovery conducted in this case.

27. One or more of Defendants have willfully infringed and are willfully infringing the '058 patent.

28. ROY-G-BIV has complied with the notice requirements of 35 U.S.C. § 287 by, among other things, placing the required statutory notice on all software manufactured, sold, and offered for sale by it in the United States under the '058 patent.

29. ROY-G-BIV has been and will continue to be damaged by Defendants' infringement.

30. Defendants' continuing acts of infringement are irreparably harming and causing damage to ROY-G-BIV. ROY-G-BIV has no adequate remedy at law to redress Defendants' continuing acts of infringement. The hardships that would be imposed by an injunction are less

than those faced by ROY-G-BIV should an injunction not issue.  The public interest would be served by issuance of an injunction.

## COUNT TWO

### (Infringement of the '236 Patent)

31. ROY-G-BIV repeats and re-alleges the allegations above as if fully set forth herein.

32. Defendants have been and are infringing one or more claims of the '236 patent. Examples of their infringing conduct include manufacturing, selling, offering to sell, using, and/or importing software, along with equipment such as controllers and robots that are used with this software, without authority from ROY-G-BIV.  Defendants also encourage others, including customers and employees, to use their software and equipment in an infringing manner.

33. ABB's infringement includes but is not limited to its suite of products contained within and/or otherwise known as Industrial IT Products.  This includes, but is not limited to ABB's System 800xA, Compact HMI 800 and PLC Connect, as well as ABB's hardware products (and their related software products) AC500, PS551-MC, ACS800 and IRC5.

34. MWV-TX and MWV own and operate a manufacturing facility in Evadale, Texas specializing in packaging and packaging solutions.  MWV-TX and MWV own and operate equipment and software at this facility being utilized in an infringing manner.

35. MWV-TX's infringement includes but is not limited to its use of ABB's products in an infringing manner, such as its use of ABB's System 800xA at its facility in Evadale, Texas.

36. MWV's infringement includes but is not limited to its use of ABB's products in an infringing manner, such as its use of ABB's System 800xA at its facility in Evadale, Texas.

37. Upon information and belief, ABB, MWV-TX, and MWV manufacture, sell, market and/or use additional infringing products which Plaintiff is continuing to investigate and anticipate will be revealed during the course of discovery conducted in this case.

38. One or more of Defendants have willfully infringed and are willfully infringing the '236 patent.

39. ROY-G-BIV has complied with the notice requirements of 35 U.S.C. § 287 by, among other things, placing the required statutory notice on all software manufactured, sold, and offered for sale by it in the United States under the '236 patent.

40. ROY-G-BIV has been and will continue to be damaged by Defendants' infringement.

41. Defendants' continuing acts of infringement are irreparably harming and causing damage to ROY-G-BIV. ROY-G-BIV has no adequate remedy at law to redress Defendants' continuing acts of infringement. The hardships that would be imposed by an injunction are less than those faced by ROY-G-BIV should an injunction not issue. The public interest would be served by issuance of an injunction.

## COUNT THREE

### (Infringement of the '557 Patent)

42. ROY-G-BIV repeats and re-alleges the allegations above as if fully set forth herein.

43. Defendants have been and are infringing one or more claims of the '557 patent. Examples of their infringing conduct include manufacturing, selling, offering to sell, using, and/or importing software, along with equipment such as controllers and robots that are used with this software, without authority from ROY-G-BIV. Defendants also encourage others,

7

including customers and employees, to use their software and equipment in an infringing manner.

44. ABB's infringement includes but is not limited to its suite of products contained within and/or otherwise known as Industrial IT Products. This includes, but is not limited to ABB's System 800xA, Compact HMI 800 and PLC Connect, as well as ABB's hardware products (and their related software products) AC500, PS551-MC, ACS800 and IRC5.

45. MWV-TX and MWV own and operate a manufacturing facility in Evadale, Texas specializing in packaging and packaging solutions. MWV-TX and MWV own and operate equipment and software at this facility being utilized in an infringing manner.

46. MWV-TX's infringement includes but is not limited to its use of ABB's products in an infringing manner, such as its use of ABB's System 800xA at its facility in Evadale, Texas.

47. MWV's infringement includes but is not limited to its use of ABB's products in an infringing manner, such as its use of ABB's System 800xA at its facility in Evadale, Texas.

48. Upon information and belief, ABB, MWV-TX, and MWV manufacture, sell, market and/or use additional infringing products which Plaintiff is continuing to investigate and anticipate will be revealed during the course of discovery conducted in this case.

49. One or more of Defendants have willfully infringed and are willfully infringing the '557 patent.

50. ROY-G-BIV is in the process of complying with the notice requirements of 35 U.S.C. § 287 by, among other things, placing the required statutory notice on all software manufactured, sold, and offered for sale by it in the United States under the '557 patent.

51. ROY-G-BIV has been and will continue to be damaged by Defendants' infringement.

52. Defendants' continuing acts of infringement are irreparably harming and causing damage to ROY-G-BIV. ROY-G-BIV has no adequate remedy at law to redress Defendants' continuing acts of infringement. The hardships that would be imposed by an injunction are less than those faced by ROY-G-BIV should an injunction not issue. The public interest would be served by issuance of an injunction.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff ROY-G-BIV prays for the following relief against Defendants:

A. A judgment that Defendants have infringed, and continue to infringe, one or more of the '058, '236 and '557 patents;

B. An injunction against Defendants, their officers, agents, servants, employees, all parent and subsidiary corporations, all assignees and successors in interest, and those persons in active concert or participation with Defendants, including distributors and customers, enjoining them from infringing the '058, '236 and '557 patents;

C. An award of damages under 35 U.S.C. § 284, along with pre-judgment and post-judgment interest;

D. A trebling of such damages for Defendants' willful infringement;

E. A declaration that this case is exceptional pursuant to 35 U.S.C. § 285;

F. An award of attorneys' fees, costs, and expenses; and

G. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff ROY-G-BIV demands a trial by jury for all issues and claims so triable.

|  | Respectfully submitted, |
|---|---|
| Dated: December 13, 2011 | /s/  Adam Q. Voyles |
|  | Lance Lubel |
|  | Lead Attorney |
|  | Texas State Bar No. 12651125 |
|  | Adam Q. Voyles |
|  | Texas State Bar No. 24003121 |
|  | LUBEL VOYLES, LLP |
|  | 5020 Montrose Blvd., Suite 800 |
|  | Houston, Texas 77006 |
|  | Telephone:  (713) 284-5200 |
| Of Counsel: | Fax:  (713) 284-5250 |
|  | E-mail:  lance@lubelvoyles.com |
| William A. Isaacson | E-mail:  adam@lubelvoyles.com |
| D. Michael Underhill |  |
| Eric J. Maurer | Kip Glasscock |
| BOIES, SCHILLER & FLEXNER LLP | Texas State Bar No. 08011000 |
| 5301 Wisconsin Avenue, NW | KIP GLASSCOCK, P.C. |
| Washington, DC 20015 | 550 Fannin, Suite 1350 |
| Telephone:  202.237.2727 | Beaumont, Texas 77701 |
| Fax:  202.237.6131 | Telephone:  (409) 833-8822 |
| E-mail:  wisaacson@bsfllp.com | Fax:  (409) 838-4666 |
| E-mail:  munderhill@bsfllp.com | E-mail:  kipglasscock@hotmail.com |
| E-mail:  emaurer@bsfllp.com |  |
|  | Russell A. Chorush |
| *Attorneys for Plaintiff ROY-G-BIV Corporation* | Texas State Bar No. 24031948 |
|  | HEIM, PAYNE & CHORUSH, L.L.P. |
|  | JP Morgan Chase Tower |
|  | 600 Travis Street, Suite 6710 |
|  | Houston, Texas  77002 |
|  | Telephone:  (713) 221-2000 |
|  | Fax:  (713) 221-2021 |
|  | E-mail:  rchorush@hpcllp.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2011, counsel of record for the parties are being served a copy of the foregoing document via the Court's CM/ECF system.

/s/  Adam Q. Voyles
Adam Q. Voyles