IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ROY-G-BIV Corporation, | ) Civil Action No.: 6:11-cv-00622 |
| Plaintiff/Counterclaim-Defendant, | ) Judge Leonard E. Davis |
| v. | ) |
| ABB Ltd, ABB Inc., MEADWESTVACO TEXAS, LP and MEADWESTVACO CORPORATION, | ) |
| Defendants/Counterclaim-Plaintiffs. | ) |

## DECLARATION OF DIANE DE SAINT VICTOR

Pursuant to 28 U.S.C. § 1746, Diane de Saint Victor declares under penalty of perjury that the following statements are true and correct:

*Background*

1.  I am over the age of 18 and otherwise competent to make this Declaration. Except as otherwise stated in this Declaration, I have personal knowledge of the facts and circumstances set forth below.

2.  This Declaration has been prepared in support of ABB Ltd's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction Over ABB Ltd.

3.  I am employed as Executive Vice President and General Counsel for ABB Ltd. I have been in this position since I joined ABB Ltd in 2007.

*Structure of ABB Group and ABB Ltd*

4. In that position, I am familiar with the organizational structure of ABB Ltd. I am also generally familiar with history of ABB Ltd and its subsidiary companies comprising what is sometimes referred to as the "ABB Group." Much of the information below is taken from ABB Ltd's annual reports and other public disclosures, all of which should be available at http://www.abb.com/investorcenter.

5. I have some working knowledge as to the relationships and actual conduct of ABB Group companies with each other and with ABB Ltd.

6. As set out in more detail below, I am aware of the fact and can state that ABB Ltd has no commercial business operation within the United States in general and within Texas, and the U.S. District Court for the Eastern District of Texas ("this District"), in particular.

7. I am also generally aware of the jurisdictional allegations of Plaintiff's Amended Complaint. As I understand them, these allegations are non-specific as to ABB Ltd and simply contend that personal jurisdiction "exists generally over the Defendants" and/or "exists specifically over the Defendants." I also understand, for example, that the Plaintiff contends "Defendants place products (some of which are described below) into the stream of commerce that infringe and/or are used to infringe the patents-in-suit, knowing that the products may likely reach the State of Texas and this district."

8. The Plaintiff's personal jurisdiction allegations are not accurate as to ABB Ltd.

9. Initially, it is important to note that the "ABB Group" is not a separate legal entity. Instead, it is a name that is sometimes used to refer to the worldwide group of separately incorporated, managed and structured ABB companies that are direct or indirect subsidiaries of ABB Ltd.

2

10. I will briefly summarize how ABB Ltd came into existence so that the Court may better understand its relationship to ABB Inc., which is the ABB company that actually operates commercially in the United States along with its direct and indirect subsidiaries. In 1999, the ABB Group announced a group reconfiguration to establish a single parent public holding company with a single class of shares. As part of this reorganization, ABB Ltd was incorporated under the laws of Switzerland. Today, ABB Ltd is the parent company of ABB Asea Brown Boveri Ltd which in turn is the global holding company of the various ABB operating companies located throughout the world.

11. As of February 29, 2012, the ABB Group comprised a group of 340 consolidated operating and holding subsidiary companies. ABB Group operates in approximately 100 countries around the globe. All of these separate companies are owned, with various intermediate parent and holding companies, by the ultimate parent company: ABB Ltd. These subsidiaries are independent entities, separately incorporated and doing business under the laws of the various countries in which they operate.

*The ABB Defendants in this Case: ABB Ltd and ABB Inc.*

12. ABB Ltd maintains its principal corporate offices in Zurich, Switzerland.

13. ABB Ltd is a holding company, and not an operating company.

14. The operating company of the ABB Group in the United States is ABB Inc. along with its direct and indirect subsidiaries. ABB Inc. is also a party to this case.

15. ABB Inc. is an indirect subsidiary of ABB Ltd. In particular, ABB Inc. is wholly owned by ABB Holdings Inc., which in turn is wholly owned by ABB Asea Brown Boveri Ltd. ABB Asea Brown Boveri Ltd is, in turn, wholly owned by ABB Ltd.

16. One reason for such corporate structure is to effect a policy whereby each ABB operating company in each country in which the ABB Group operates is responsible for, and ultimately liable for, its operations in that country.

17. As I have described above, ABB Ltd and ABB Inc. have a remote, indirect parent-subsidiary relationship.

18. ABB Ltd has its own bank accounts and capital structure separate from ABB Inc. ABB Ltd maintains financial books and accounts separate from those of ABB Inc. and has its own officers, directors and employees. The daily operations of ABB Ltd are separate from those of ABB Inc.

19. The officers of ABB Inc. have local control over ABB Inc.'s day-to-day operations in the United States, and ABB Ltd does not direct, control or become involved in those day-to-day operations of ABB Inc.

*ABB Ltd's Lack of Contacts with the United States and This District*

20. As explained above, ABB Ltd and ABB Inc. are separate and distinct companies that have only an indirect relationship within ABB Group.

21. ABB Ltd does not conduct commercial business in the United States, or with Texas, nor is it licensed or qualified to do so.

22. I understand that the Plaintiff in this action has accused the following products ("Accused Products") of infringing one or more claims of certain United States patents: ABB's 800xA system, Compact HMI 800, PLC Connect, IRC5, AC500, PS551-MC, and ACS800.

23. To the best of my knowledge, ABB Ltd has never manufactured, sold, offered for sale, imported or supplied any commercial products (or related services), including the Accused Products, anywhere in the world, including Texas.

24. ABB Ltd does not maintain an office or place of business in the United States, and in particular Texas. ABB Ltd does not maintain an address or telephone number in the United States, and in particular Texas. To the best of my knowledge, ABB Ltd has never maintained an office, place of business, address or telephone number in the United States, and in particular Texas.

25. To the best of my knowledge, ABB Ltd has never owned or possessed an interest in any real property in the United States, and in particular Texas.

26. ABB Ltd has no bank accounts in Texas.

27. ABB Ltd has never appointed ABB Inc. or any other person or entity as its agent for acceptance of general service of process in the United States.

29. ABB Ltd has limited contacts with the United States as a whole. It is listed on a single stock exchange here. On occasion it guarantees certain debt issuances by some of its U.S. subsidiaries, and agrees to use an agent for receipt of service of process in the United States for those transactions alone. Again, these contacts are extremely limited, are not related at all to the Accused Products and serve only to tangentially support ABB Group operations in the United States.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on June 27, 2012

By: *[signature]*
Diane de Saint Victor
Executive Vice President and
General Counsel
ABB Ltd

6